JOHN B. RUSSELL v. RUEBEN WINTERS.[1]

March 11, 1932.

No. 28,961.

*Cox, Weeks & Kuhlman,* for appellant.
*Erling Swenson,* for respondent.

HILTON, J.

Plaintiff sued to recover damages for injuries sustained when struck by an automobile (taxicab) owned and operated by defendant. A verdict was returned in favor of plaintiff for $1,200, the amount of which is not questioned. Defendant appeals from a judgment. The assignments of error are that there was no proof of defendant's negligence and that plaintiff's contributory negligence appears as a matter of law.

[1]Reported in 241 N. W. 589.

The accident occurred at about 5:30 o'clock a. m. of December 3, 1930, on a bridge forming a part of University avenue in St. Paul and extending over and across the Minnesota Railway Transfer yards. Sidewalks extend along the north and south sides of the bridge with steel underlined curbs seven inches above the bridge level. The bridge is 41 feet wide between the curbs. Plaintiff was an employe of the Superior Packing Company, which had its packing plant on the ground below and to the south of the bridge near the westerly end thereof. Access to the plant was by means of a stairway leading down to it from a point on the bridge near the scene of the accident.

On the morning in question plaintiff was a passenger on a westbound interurban street car on his way to work. The street car stopped at a "car stop" sign to let passengers off at the last regular stopping place on the bridge near the stairway referred to. There was also a regular car stop for eastbound street cars on the southerly side of the bridge directly opposite the car stop for westbound cars. The bridge floor at the point where the street car stopped was level.

Plaintiff left the car, which was on the north track, through its front exit, as usual, and walked around in front of the car, crossed the south tracks and proceeded toward the south curb and the stairway. After leaving the car he looked to the right and looked again while passing in front of it, but did not see defendant's cab. When three or four steps (six to eight feet) from the south curb he heard the honk of an auto horn and then for the first time saw defendant's cab 30 or 40 feet away approaching directly toward him from the west at the rate, as he claimed, of 50 miles an hour. He hurried on, but was struck by defendant's cab before he could reach the curb and was thrown and rolled a distance variously estimated by witnesses at from 20 to 48 feet. In addition to other injuries, plaintiff's collar bone and right shoulder blade were fractured, as were also five ribs on his right side. He was confined in a hospital for about a month.

There is a variance in the testimony as to the distance the cab traveled after striking plaintiff. Plaintiff estimated the distance

474

to be from 60 to 70 feet; defendant placed it at from 15 to 20 feet. The cab's front wheels however went over the south curb and then stopped.

It was dark at the time of the accident; the weather was "mean" and "disagreeable"; it was cold; a strong northwest wind was blowing, and there was some snow and sleet in the air; it was also foggy and misty. The street and bridge floor were icy and slippery. The wind-shield of the cab was damp and clouded, except where such covering was being disposed of by a wind-shield wiper, which was working. The interior lights of the street car were burning, as was also its headlight. Defendant did not testify whether the headlights on his cab were burning, but two of his witnesses did. He further testified that "down across the bottom of the hill" he saw the stopped, lighted street car when 200 feet from it; that he knew it had stopped to let off passengers; that his cab was then going 25 miles an hour, up a four per cent grade, until reaching the top of the incline, and that he had slowed down to 20 miles an hour by the time he saw plaintiff; that he did not see plaintiff until his cab was about 15 feet from him; that he then sounded his horn and applied the brakes.

There was a clear question of fact for the jury's determination. Under the conflicting evidence, in considering the question of defendant's negligence in driving at an unreasonable and improper rate of speed under the existing weather and street conditions, the jury could consider not only the evidence of plaintiff, but also had the right to take into account certain physical facts—the distance plaintiff was thrown and rolled; the extent of his injuries from the impact; the distance the cab traveled after the accident and its position when it stopped.

When hit, there was a distance of about 15 feet between plaintiff and the standing street car. Defendant could have passed back of plaintiff, and the accident would not have occurred. The fact that plaintiff was struck by the right-hand headlight of the cab shows that a slight turn to the left would have avoided the accident.

Even if defendant, as he testified, did not see plaintiff until within 15 feet of him, the jury might well conclude that he was not watching as he should have been, and that under the weather conditions, even if going only 20 miles an hour as he claimed, he was traveling at an excessive, improper, and unreasonable speed and did not have his cab under proper control. Then, too, defendant only claims to have sounded his horn when within 15 feet of plaintiff. The evidence abundantly supported a conclusion that defendant was negligent.

To escape liability it was incumbent upon defendant to prove that plaintiff was guilty of contributory negligence. The jury was justified in finding that he was not so proved—certainly he was not as a matter of law. Cases cited by defendant in which accidents occurred in broad daylight of a clear day are readily distinguishable, as are also those in which a plaintiff testified that on such a clear day he looked and did not see a car approaching when it was actually visible and in plain sight. (In such cases it was evident that plaintiff either did not look, or, if he looked, that he disregarded the oncoming car of defendant.) We have no difficulty in sustaining the judgment.

Affirmed.