## MEURER v DOERFLEIN

Ohio Appeals, 1st Dist, Hamilton Co

No 5029. Decided May 4, 1936

482

Roy Struble, Cincinnati, for appellee.

Pogue, Hoffheimer & Pogue, Cincinnati, and J. A. Culbertson, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

Appeal on questions of law.

The appellee's decedent was struck by an automobile driven by the appellant and killed. The jury awarded $10,000 as damages, which was reduced by the trial court through remittitur to $7,500.

On the 12th day of October, 1934, at about 6:00, P. M., while it was still clear daylight, the decedent was walking eastwardly upon a twenty foot concrete highway. There were no eye witnesses to the tragedy except the appellant and her sister who was riding with her.

From the evidence, it appears that the appellant first saw the decedent when she was some seventy-five feet west of him. At that time he was walking eastwardly, some four feet from the south edge of the concrete pavement. She at first slowed the progress of the automobile by applying the brakes, sounded the horn upon the vehicle, and then applied pressure to the acceleration pedal causing the vehicle to resume its speed, and sought to pass the decedent on the left. The appellant states that when her automobile was but a short distance away the decedent, without looking behind him, hurried into its path. The automobile at the time of the impact was some few feet north of the center line of the highway. The decedent was struck by that portion of the automobile directly in front of the radiator cap—or almost the center of the width of the vehicle.

One of the decedent's shoes was torn off his foot. The back of his skull was cut off and his body was reduced to a battered mass. A witness who saw appellant's automobile pass a point about two hundred feet west of the point of impact, stated that the vehicle was travelling at a speed between sixty and sixty-five miles per hour,

and that the sound produced by striking the decedent and a stone wall followed the passage of the vehicle of appellant past the witness as closely as the clapping of her hands. After striking the decedent the vehicle catapulted across the road, striking a stone wall, and dislodging therefrom a stone sufficiently heavy to require two men to lift it. The appellant's automobile then travelled more slowly some distance eastwardly and was brought to a standstill on the south side of the road.

That the reckless negligence of the appellant was the sole and proximate cause of the death of decedent is ██ startlingly clear. The jury could not in reason have done otherwise than to have found against the appellant. Its conclusion is fortified by the answer to an interrogatory proposed by the appellant.

"As and when Jacon Meurer, plaintiff's decedent, was upon and about to cross the highway could he then by looking to the west have seen defendant's approaching car in time to have stopped and avoided coming in contact with it?" Answer: "No."

While there is some evidence that the services of the decedent were limited to the support of a mother, we would not have disturbed the original amount awarded by the jury. However, this may not now be considered.

The appellant objects to the admission of evidence depicting what she styles "gruesome details" of this tragedy. That these facts were most gruesome cannot be denied. That they were kept constantly before the jury is evident, but that they were properly in evidence is also ██ apparent. However, we see little ground for complaint upon the part of the appellant that the gruesome results of her negligence should be impressed upon the minds of the jury.

The appellant was asked upon cross-examination if at previous times she had not driven at high rates of ██ speed, while her manner of driving at other times was not a matter which could be properly proved by the appellee. We do not consider the question in the instant case of such a prejudicial nature as to require a reversal, especially in view of the fact that the appellant denied excessive speed. The court also later refused the appellee the right to impeach her statements, and the court later on struck out a gratuitous state-

ment of a witness as to former speeds. We find no error, prejudicial to appellant in this assignment of error.

We find nothing in the alleged misconduct of counsel for appellee to warrant setting aside the judgment. This consisted chiefly in asking the questions heretofore noted, and in attempting to show a callousness on the part of the appellant at the trial before the coroner. The matter was properly dealt with by the court.

We find no error in the giving of the charge upon the assured clear distance ahead. It is obvious that the presence of the decedent upon the road, he having equal rights with the appellant thereon, produced a premise for conduct consistent with the mandate of the statute. It is also quite plain that such mandate was completely ignored by the appellant in operating her automobile in an attempt to pass the decedent at a speed wholly inconsistent with an ability to stop it when injury to him was imminent.

It is claimed that the application of the statute to situations involving the passing of persons and vehicles proceeding in the same direction on the highway would prevent any vehicle passing another upon the highway. Such result may ensue—if such passage can not be accomplished without injury to another having equal rights upon the highway. It is a matter of frequent occurrence to those driving vehicles upon the highway to overtake sometimes long lines of vehicles proceeding in the same direction and at a speed causing some impatience to the driver desirous of proceeding more rapidly. The assured clear distance ahead then is a matter of vital importance if the driver of the overtaking vehicle decides to pass. The statute simply makes it imperative that clear distance be assured before proceeding. The decedent had an equal right with the appellant in the use of the road. If the appellant desired to pass him it was her duty to do so with due regard to his safety. If he was in her direct path, it was her duty to proceed at such a speed as to permit stopping the vehicle operated by her, if this became necessary in order not to injure him. His presence in her path invoked the operation of the statute. The court defined ordinary care by saying:

"Now ordinary care is such care as ordinarily prudent persons use under the same or similar circumstances; and negligence is the failure to exercise that de-gree of care which the law requires which in this case is ordinary care."

The use of the words, "which ordinarily prudent persons **are accustomed** to use" is a clearer and better statement of the law. In some cases the failure to use such qualification might be prejudicial. We do not find it was so in the instant case. The criticism of the charge is more academic than real. We are of the opinion that the jury was not misled by the failure to qualify the language and by stating—what ordinarily prudent persons "are accustomed" to use.

We are unable to follow the reasoning of the appellant as to the interrogatory and the answer of the jury. To our minds, the answer indicates that the jury concluded that the speed of the vehicle was so rapid that had the decedent looked it would have availed him nothing—a vehicle travelling at the rate of sixty miles per hour covers 5280 feet in one minute and 88 feet in one second. The interrogatory is poorly worded and leaves the jury a number of possible premises upon which to base the answer. "In time to have stopped." He might have looked a minute before and the vehicle would have been a mile away. Should he stop then? Or had he a right to believe that the appellant would comply with the statutes applicable. Had he looked thirty seconds before crossing—was it his duty to stop?

We conclude that the interrogatory is as capable of one construction as another and that such being the case that the appellee is entitled to the most favorable construction permitted by the words used.

Our conclusion upon a review of the record causes us to conclude that no error prejudicial to the rights of the appellant has intervened and that she has had substantial justice by the verdict of the jury and the judgment of the court and such judgment is therefore affirmed.

MATTHEWS and HAMILTON, JJ, concur