ROBERT RAMIREZ v. RICHARD MISKA AND ANOTHER.

228 N. W. 2d 871.

April 25, 1975—No. 44284.

*Padden, Dickel, Johannson & Wall* and *Kenneth F. Johannson*, for appellant.

*Rufer, Hefte, Pemberton, Schulze & Sorlie* and *Richard C. Hefte*, for respondents.

Heard before Rogosheske, Peterson, and Kelly, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

This litigation arises out of an automobile collision at an intersection of two rural roads in Polk County.

The jury found that both plaintiff and decedent were negligent but that the negligence of plaintiff was alone the direct cause of the collision. Appealing from an order denying his posttrial motion for judgment n. o. v. or for a new trial, plaintiff contends (1) that decedent's negligence was a direct cause of the collision as a matter of law, (2) that plaintiff, because of amnesia, is entitled to a common-law presumption of due care, and (3) that testimony on behalf of defendants concerning decedent's speed of travel should have been excluded for lack of sufficient foundation.[1]

The accident occurred at about 6:45 in the morning of a day in July 1970. Decedent, Bernard Miska, was driving in an easterly direction. His brother, DeWayne Miska, was riding in the right front seat as a passenger, awake but slouched down with his cap pulled over his eyes. It was clear and sunny at the time, with the sun low in the east. County Road No. 23, on which they were traveling, was protected by "yield" right-of-way signs. The

---

[1] We do not reach a fourth contention that the damages to plaintiff fixed by the jury were insufficient, "appearing to have been given under the influence of passion and prejudice."

speed limit on this road was 65 miles per hour. At the same time plaintiff, Norbert Ramirez, a migrant farm worker, was traveling south in a pickup truck on a township road toward the east-west road upon which the Miska vehicle was traveling. Several members of his family were occupants of the Ramirez vehicle. Both roads were good gravel roads and were well traveled. Plaintiff had a yield sign facing him as he approached the intersection with County Road No. 23.

The vehicles collided violently near the center of the intersection. Bernard Miska was killed as a result of the accident. Plaintiff suffered a brain injury resulting in amnesia, so he remembers nothing of the accident or of the day.

The evidence concerning the actions of the drivers of the two vehicles is, except with respect to speed, undisputed. It is clear that the Ramirez vehicle slowed somewhat as it approached the intersection, but it did not stop. There were no obstructions to impair the view of either driver. The investigating police officer observed that neither vehicle left skid marks prior to impact. No sounds of braking, squealing of tires, or warning horns were heard by the occupants of either vehicle.

The evidence on the issue of the speed at which decedent was driving consisted, on behalf of plaintiff, of testimony of an expert witness who made an investigation one year after the accident, and, on behalf of defendants, of decedent's brother, who was a passenger, and his mother, who observed from a distance. Plaintiff's expert expressed an opinion that decedent's speed immediately prior to the impact was 68 to 75 miles per hour and that plaintiff's speed was 21 to 25 miles per hour. If this opinion was credited, decedent was speeding. This testimony was impeached, however, by credible evidence that plaintiff's expert had miscalculated the speeds as the result of assuming an incorrect weight for decedent's vehicle and by relying on an incorrect road surface. Decedent's brother testified that decedent's car had maintained a constant speed of 55 miles per hour, and his mother testified that her son's vehicle was traveling at no more

than 55 miles per hour. The foundations for the brother's and mother's testimony, which are here in issue, will be considered later in this opinion.

■ Plaintiff's primary contention that decedent's negligence should be held to be a proximate cause of the collision as a matter of law brings into consideration well-settled legal principles. Negligence and proximate causation are separate factors in assigning tort liability; the fact that the collision would not have occurred but for the negligence of both parties does not compel a finding that the negligence of each is a proximate cause. Meurer v. Junkermeier, 291 Minn. 318, 191 N. W. 2d 416 (1971); Simon v. Carroll, 241 Minn. 211, 62 N. W. 2d 822 (1954). The question of proximate cause is normally for the jury to decide, and its decision will stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict; it is only where the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable men that the issue of causation becomes one of law to be decided by the court. Meurer v. Junkermeier, *supra;* Seivert v. Bass, 288 Minn. 457, 181 N. W. 2d 888 (1970); Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. 2d 134 (1964).

We do not know from the jury's general finding which act of decedent's was deemed negligent, but we do know that, whatever that act, the jury concluded that the collision would have occurred in any event because of plaintiff's negligence. The most adverse finding with respect to decedent would be that he was speeding, a situation similarly addressed in Wiley v. Hoven, 290 Minn. 483, 185 N. W. 2d 286 (1971). There, Wiley was driving on a highway protected by a "stop" sign, and Hoven failed to yield to Wiley. There was evidence that Wiley was speeding. The jury found both drivers negligent, but found that Hoven's negligence was alone the proximate cause. We there held that, even if Wiley was speeding, his negligence was not a direct cause, since the jury apparently believed that the accident would still

have happened even if he had been going the lawful speed limit. We said (290 Minn. 484, 185 N. W. 2d 287) :

"* * * We think this was a justifiable conclusion on the basis of the testimony most favorable to defendant Wiley. He was traveling on a through highway, and under our decisions he was not required to reduce his speed at intersections until he saw, or should have seen, that a driver approaching on an intersecting highway was not going to yield the right-of-way. [Citations omitted.] Whether or not Mrs. Hoven stopped before entering the through highway * * *, the jury could find that she [entered] into the path of Wiley's car under circumstances where a collision was inevitable, whether Wiley was traveling 35 miles an hour or 50 miles an hour. Whichever speed is assumed, the evidence would sustain a finding that Mrs. Hoven's failure to yield the right-of-way was the proximate cause of the accident, and Wiley's speed was not. This was the conclusion reached by the trial court, with which we agree."

Here, there was uncontradicted testimony from two of plaintiff's family passengers that plaintiff's car slowed down as it approached the intersection. The jury could find in these circumstances that decedent reasonably could have assumed that plaintiff would stop, particularly since decedent had the right-of-way on a protected highway. As a result, the jury could find that plaintiff's failure to yield the right-of-way was the sole proximate cause of the accident that followed.

The same result follows if we assume that the jury predicated decedent's negligence on his failure to maintain a proper lookout. In finding that decedent's negligence was not a proximate cause of the accident, the jury may well have concluded that even had decedent maintained a proper lookout, the accident would still have occurred. It is possible, too, that, even though decedent's negligence directly contributed to the collision, the subsequent negligence of plaintiff was unforeseeable and thus constituted a superseding cause. Meurer v. Junkermeier, *supra*. All of these

theories have supporting evidence, and any would support the verdict. The verdict was not contrary to law.

■ Plaintiff's contention that a person suffering from amnesia should be entitled to a common-law presumption that he was acting with due care for his own safety is without merit. We have expressly so held in Steinhaus v. Adamson, 304 Minn. 14, 228 N. W. 2d 865 (1975).

■ The sufficiency of the foundation of testimony on behalf of defendants with regard to the speed at which decedent was driving is arguable, but in the posture of this case we conclude that there was no reversible error in admitting this testimony. Irene Miska, decedent's mother, testified that she was in the kitchen of her farm home looking out of the window at the time of the accident. She had a habit of always watching her children as their car left the farm and was able to observe decedent's vehicle until just before the accident. The Miska home is slightly over one mile from the intersection where the collision took place, but the area is level and open, presenting a clear line of sight. Decedent's car was traveling from right to left in her field of vision and ranged from between one-half and eight-tenths of a mile away. Over objection, the court admitted Irene Miska's opinion that decedent's speed was not in excess of 55 miles per hour on his course of travel.

The speed of an automobile is not a matter of exclusive expert knowledge, certainly not of expert opinion based upon a reconstruction of physical facts. On the contrary, any person of ordinary ability and intelligence, having the means and opportunity of observation, is competent to testify as to the rate of speed at which a vehicle is moving. Daugherty v. May Brothers Co. 265 Minn. 310, 121 N. W. 2d 594 (1963) ; Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. 2d 369 (1955) ; Aasen v. Aasen, 228 Minn. 1, 36 N. W. 2d 27 (1949).

The obvious question here is whether Mrs. Miska was too far removed from the moving vehicle to enable her to express any meaningful opinion as to its speed. We have held, however, that

the sufficiency of foundation for opinion evidence as to the speed of an automobile is largely a matter within the sound discretion of the trial court. Stedman v. Norlin, 243 Minn. 389, 68 N. W. 2d 393 (1955); Frank v. Stiegler, 250 Minn. 447, 84 N. W. 2d 912 (1957).

The trial court's ruling of admissibility finds specific support in Johnson v. Farrell, 210 Minn. 351, 298 N. W. 256 (1941). We there held that a trial court did not abuse its discretion in permitting a witness to give his opinion of the speed of decedent's automobile about half a mile from the scene of the accident, where it appeared that the witness watched the car from a point of vantage almost until the collision. Whether the witness' observation was " 'so remote in time or space as to render the testimony improbable of possessing any value in determining the speed of the vehicle * * * at the point of collision' was a matter to be decided by the 'trial judge in his sound discretion.' " 210 Minn. 355, 298 N. W. 258. See, also, Spencer v. Johnson, 203 Minn. 402, 281 N. W. 879 (1938). Here, as there, the trial judge was able to take into consideration all of the relevant conditions of the sighting, including distance, line of sight, weather conditions, topographical conditions, and the like.

DeWayne Miska, on the other hand, stated his opinion of the speed of decedent's vehicle based on sound and motion alone. He testified that he was awake but slouched down in the right front seat with a cap over his eyes. He did not look out the windshield, window, or toward the speedometer. He did not recall the collision, nor did he hear it. His opinion was that the defendant was traveling 55 miles per hour prior to impact.

We find no support for the admission of this dubious testimony. We held in Campbell v. Sargent, 186 Minn. 293, 243 N. W. 142 (1932), that the testimony of a 13-year-old boy based solely on the sound of defendant's car was inadmissible. The witness had testified that defendant's car was going 75 miles per hour at the time of the collision. We said there was "little to show that anyone, even a mature person, under the circumstances, could

safely form such an opinion. * * * We do not know of any way by which one may determine the speed of a car by the noise." 186 Minn. 299, 243 N. W. 144.

Here, of course, DeWayne Miska had the opportunity of hearing the motor, feeling the motion of the car, and actually being in the car when it was moving. We nevertheless have serious doubt that Miska's opinion was based upon observations sufficient to form a meaningful opinion. See, generally, Annotation, 33 A. L. R. 3d 1405.

Considered in the context of the entire case, including its use in refutation of the plaintiff's own evidence essential to establishing decedent's unlawful speed, we are persuaded that this testimony was not prejudicial. The witness was thoroughly cross-examined as to the nature, basis, and reliability of his opinion, so that the jury would necessarily have known that the estimate was made without an opportunity to observe the speed necessary to forming a reasonably safe estimate. As the trial court expressed in memorandum, it was "doubtful if the jury gave much, if any, weight" to this testimony.

Affirmed.