## JANET S. LUTZ v. LILYDALE GRAND CENTRAL CORPORATION.

250 N. W. 2d 599.

January 21, 1977—No. 46005.

*Carroll, Cronan, Roth & Austin, Michael C. Tierney* and *John A. Doyle,* for appellant.

*Sax & Dove* and *Roger D. Sax,* for respondent.

PER CURIAM.

This is an appeal by defendant, Lilydale Grand Central Corporation, from the order of the Dakota County District Court denying its alternative motion for judgment notwithstanding the verdict or for a new trial. We affirm.

Plaintiff, Janet Lutz, sustained injuries to her right elbow when she fell in the parking lot adjacent to the Lilydale Grand Central Shopping Center. The instant action was commenced to recover medical expenses and damages based upon defendant's negligent maintenance of the parking facility. By way of special verdict, the jury found that defendant was 100 percent causally negligent and awarded damages to plaintiff in the amount of $26,000.

Defendant asserts as error (1) the sufficiency of the evidence to support the jury finding that defendant was 100 percent causally negligent; (2) the admission of a statement by the treating physician recounting plaintiff's version of the events leading to the accident as related to him; and (3) that the jury verdict was induced by passion and prejudice resultant of the improper closing remarks of plaintiff's counsel.

1. The record reveals testimony of the plaintiff that upon her arrival at the shopping center, she was aware that negligible snowfall had occurred during that morning and that she noticed scattered ice accumulations throughout the parking lot. Although she could not specifically recall seeing ice on the spot where her fall occurred, she did note that the existence of ice was fully apparent and that as a result she exercised great care in traversing the parking lot.

Defendant, while introducing a climatological data report to show the very negligible snowfall and accumulation, was unable to specifically controvert plaintiff's testimony regarding ice accumulation. Rather, it did generally relate its standard procedure of removing snow or sanding the premises immediately after a snowfall had occurred.

Viewing the evidence as a whole and in a light most favorable to the prevailing party, a jury determination as to proximate cause will stand unless manifestly and palpably contrary to the evidence. Ramirez v. Miska, 304 Minn. 4, 228 N. W. 2d 871 (1975); Belden Porter Co. v. Kimball Co., Inc. 303 Minn. 98, 226 N. W. 2d 310 (1975). On the basis of the circumstances surrounding the incident, the jury was entitled to infer that the fall was the result of plaintiff's slipping on ice in the parking lot. Despite defendant's contention that the verdict was based upon mere conjecture or speculation, the inference in support of the verdict reasonably outweighs and preponderates over other conflicting theories or inferences. Smith v. Kahler Corp., Inc. 297 Minn. 272, 211 N. W. 2d 146 (1973); Knuth v. Murphy, 237 Minn. 225, 54 N. W. 2d 771 (1952).

2. Defendant then challenges the admissibility of testimony by plaintiff's treating physician regarding a statement made to him and included in the hospital records. Upon examination at the hospital after the accident, the plaintiff stated that she had "fallen on ice." Defendant contends that the statement is inconsistent with plaintiff's testimony at trial, that it lacked the spontaneity required for its reliability, and that it was wholly unrelated to treatment of the injury.

We need not pass upon the propriety of the admission of this statement, for if it was error, it, when considered within the cumulative evidence, falls within the classification of harmless error. In re Estate of Lea, 301 Minn. 253, 222 N. W. 2d 92 (1974).

3. Defendant finally contends that inappropriate remarks of plaintiff's counsel, misstating the law and misinterpreting the facts, influenced the jury beyond acceptable limitations. A review of the record leads us to conclude that this assertion of error is without merit.

Affirmed.