JERILL SJAASTAD v. CHARLES DUNSMORE.

142 N. W. (2d) 282.

April 22, 1966—No. 39,804.

*Berens, Rodenberg & O'Connor,* for appellant.
*Gislason, Reim, Alsop & Dosland,* for respondent.

Thomas Gallagher, Justice.

Action by Jerill Sjaastad against Charles Dunsmore for damages sustained in an automobile collision in Renville County. Defendant denied liability and in a counterclaim charged that the negligence of plaintiff was the sole cause of the accident. In a special verdict based on interrogatories submitted to it, the jury found that both parties were negligent but that only the negligence of plaintiff was the proximate cause of the accident. It awarded defendant damages in the sum of $7,081.80 for injuries, medical and hospital expenses, loss of earnings, and property damage. Subsequently, plaintiff moved for judgment notwithstanding the verdict or for a new trial. The court then made its order vacating that part of the jury's special verdict which found that defendant's negligence was not a proximate cause of the accident, and this appeal by defendant is from the judgment entered pursuant to such order. It is his contention that the evidence was adequate to support the jury's finding that plaintiff's negligence was the sole proximate cause of the accident and that defendant's negligence was not a proximate cause of it.

The facts are as follows: The accident occurred on March 2, 1963, at about 11:30 a. m. at the right-angle intersection of County Aid Road No. 6, a blacktop road running north and south, and County Aid Road No. 17, running east and west. Highway No. 6, on which plaintiff was driving south, is protected by "yield" signs requiring drivers on No. 17, on which defendant was driving west, to yield to drivers traveling on No. 6. At the time the weather was clear and the traveled surface of both highways was dry. The intersection is unobstructed and there is a clear view from both highways for a distance of at least 800 feet in all directions. Neither plaintiff nor defendant have any recollection of events involving the accident. A Mr. and Mrs. Gerald Boklep and a Barbara Donahue were passengers in plaintiff's car. Barbara was killed in the accident and the Bokleps have no recollection of it. There were no other witnesses at the scene.

Plaintiff had left Minneapolis with his passengers at about 8 a. m. that day. Minneapolis is approximately 110 miles from the intersection where the accident occurred. There was evidence that he had stopped at Glencoe where he had purchased strong beer which he had consumed as he

drove along; and that later he stopped at Renville where his group had sandwiches and beer. Photographs taken after the accident indicate that defendant's automobile was struck at about the center of its right side and that there was damage to the direct front of plaintiff's automobile. Dirt and broken glass from the automobiles were found in the southwest corner of the intersection and on the adjacent shoulder of the highway. Both vehicles came to rest in the ditch at this southwest corner. There was no evidence of skid marks on either highway.

The only issue for our determination is whether the court was correct in holding that defendant's negligence as found by the jury was a proximate cause of the accident. Based upon the evidence, it is our conclusion that the trial court did not err in so doing. Under applicable statutes the duty rested upon defendant to yield the right-of-way to vehicles on Highway No. 6. No obstructions interfered with his view to the right along this highway which was clear for a distance of at least 800 feet. Accordingly, the finding that he was negligent must have been based upon the jury's determination either that he had failed to yield the right-of-way to traffic on Highway No. 6 in violation of Minn. St. 169.201,[1] or that he had failed to maintain a proper lookout at the intersection. But it seems inescapable that his negligence in either respect must have been a proximate, concurring cause of the accident. Obviously, had he complied with the statutory obligation to yield the right-of-way to plaintiff's vehicle, the accident would not have happened. Likewise, had he looked to his right where his view was unobstructed, he could not have failed to see plaintiff's oncoming car, and accordingly his attempt to pass across the intersection regardless of its approach clearly would be a proximate cause of the resulting collision. We find nothing in the evidence which would support a contrary viewpoint.

The situation is similar in many respects to that presented in Haugen

---

[1] Minn. St. 169.201 provides: "The driver of a vehicle approaching a YIELD sign shall slow to a speed that is reasonable for conditions of traffic and visibility, and stop if necessary, and yield the right of way to any pedestrian legally crossing the roadway on which he is driving, and to all vehicles on the intersecting street or highway which are so close as to constitute an immediate hazard."

v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585. There, after a jury had found that plaintiff was negligent but that his negligence was not a proximate cause of the accident, the court determined, as a matter of law, that such negligence was a proximate cause of the accident. Plaintiff in that case had driven his car into an intersection where it had been struck on its right side by the front end of defendant's vehicle which was entering the intersection from plaintiff's right. Plaintiff testified that he had not seen any approaching vehicles to his right, although it was established that for approximately one-quarter of a mile there was nothing to obstruct his view. In approving the court's action in holding that plaintiff's negligence in entering the intersection must have been a proximate cause of the accident, this court stated (253 Minn. 207, 91 N. W. [2d] 590):

"Under comparatively similar situations, where plaintiff drivers entered intersections without maintaining a proper lookout, they have been held negligent as a matter of law under circumstances where there were no distracting circumstances. See, Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; Gotzian v. Wolk, 201 Minn. 38, 275 N. W. 372. * * *

*    *    *    *    *

"In considering the circumstances giving rise to the collision, the trial court could not ignore the importance of Haugen's admission that at no time before the collision did he see the Schlimme automobile. This testimony * * * compels the conclusion that Haugen blindly entered the intersection without having made an observation as to whether it was safe for him to proceed. * * *

*    *    *    *    *

"We think the trial court was right in coming to the conclusion that Haugen's failure to maintain a proper lookout and yield the right-of-way contributed to the accident, irrespective of the speed of the Schlimme vehicle. If Haugen's negligence contributed to the happening of the event, it is a proximate cause for which he is legally responsible. If Haugen had exercised his normal faculties of observation and had yielded the right-of-way, as he was under obligation to do, the accident would never have occurred."

In the instant case it also seems clear as stated above that had defendant looked to his right he would have observed plaintiff's oncoming car, and that his failure to yield the right-of-way to it under the circumstances established without doubt that his negligent conduct in this respect was a proximate cause of the accident.

The judgment appealed from is affirmed.

Affirmed.