## THOMAS RISACHER v. LLOYD LIEN.

155 N. W. (2d) 382.

December 29, 1967—No. 40,529.

*C. Allen Dosland* and *Gislason, Reim, Alsop & Dosland,* for appellant.

*William C. Taylor,* for respondent.

PETERSON, JUSTICE.

The judgment of the District Court of Murray County denied the claim of plaintiff and the counterclaim of defendant arising out of a rear-end motor vehicle collision, and only defendant appeals from the judgment. A jury by answers to special interrogatories found that defendant was negligent in driving his truck into the rear of a farm tractor driven by plaintiff, but found that defendant's negligence was not a

proximate cause of the collision. The trial court held as a matter of law, however, that, once the jury found defendant negligent, his negligence was a proximate cause of the collision. The correctness of that holding is the sole issue presented on this appeal.

The collision occurred on November 8, 1965, on Murray County Highway No. 6, a rural blacktop road, upon which plaintiff and defendant were both driving in an easterly direction. The time was about 6 p. m., at which time it was apparently dark enough to require motor vehicles to display lighted lamps.[1] Both vehicles were in fact lighted, but the only lamp lighted on the rear of plaintiff's vehicle was a *white* plowing lamp mounted on the tractor's left rear fender.[2] Defendant testified that he thought the white light was from an oncoming car proceeding toward him in the north lane, and he did dim his own headlights. There is no claim nor evidence, however, that the plaintiff's tractor was ever in the north lane of travel; rather, the evidence indicates that the tractor was at all times in the south lane and that its right rear wheel was touching the grassy shoulder of the road. The tractor was 7 feet wide; the blacktop surface of the road was 24 feet wide. Defendant further testified that, as he came closer to the object displaying the white light, he was blinded and confused by it. There is no evidence, however, that defendant ever applied the brakes of his truck or in any way altered his course, although he may have reduced his speed slightly by about 5 miles per hour. A collision thereupon occurred.[3]

A case such as this is not without difficulty, and our prior decisions

---

[1] See, Minn. St. 169.48.

[2] The trial court accordingly had directed a finding that plaintiff was negligent for failure to comply with the statutory requirement that a plainly visible *red* light be exhibited. §§ 169.50, 169.55. The jury found, also, that plaintiff's negligence was a proximate cause of the collision. No issue concerning these findings is presented on appeal.

[3] The memorandum of Judge Walter H. Mann, attached to his order for judgment, said in part: "The essential facts pertaining to the manner in which both vehicles were proceeding were undisputed. It was not then necessary for the jury to determine the manner in which the accident occurred— defendant's version of how it occurred fully explained the circumstances

have been forcefully argued on each side as controlling.[4] We think our most recent decision in Reese v. Henke, 277 Minn. 151, 152 N. W. (2d) 63, is most analogous to the instant case. There, as here, a jury had by answers to separate interrogatories found that the defendant was negligent but that his negligence was not a direct and proximate cause of the accident. As Mr. Justice Otis wrote for the unanimous court in reversing the judgment for defendant (277 Minn. 155, 152 N. W. [2d] 66):

"* * * The test is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences. Theurer v. Holland Furnace Co. (10 Cir.) 124 F. (2d) 494, 498; 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1057; Wright, Minnesota Rules, pp. 279 to 284; 2 Youngquist & Blacik, Minnesota Rules Practice, p. 481; Nordbye, *Comments on Selected Provisions of the New Minnesota Rules*, 36 Minn. L. Rev. 672, 682. * * *

---

which existed and the testimony contained no other or conflicting version. It was then for the jury to merely evaluate defendant's conduct as testified to by defendant himself. And all of defendant's testimony related to the manner in which he operated his vehicle from the time he became aware of the presence of plaintiff's vehicle until the collision occurred. And during all of such period of time the evidence conclusively disclosed that plaintiff's vehicle proceeded in the same manner as it had been proceeding when defendant first viewed it. The conduct of the defendant in the operation of his vehicle was the direct cause of the collision—it could not have occurred if defendant had not run into plaintiff's vehicle from the rear. The very nature of the collision dictates the factor which caused it. It was for the jury to determine, whether in the light of all of the existing circumstances, defendant's conduct was negligent. The causal connection between defendant's conduct and the accident could not be a matter on which reasonable minds could differ. The evidence disclosed no possible intervening cause— either in point of time or series of events."

[4] Defendant cites Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. (2d) 134; Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822; and Dahling v. Dammann, 251 Minn. 171, 87 N. W. (2d) 25. Plaintiff cites Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585, and Sjaastad v. Dunsmore, 274 Minn. 50, 142 N. W. (2d) 282.

\* \* \* \* \*

"Ordinarily we are reluctant to set aside a determination of the jury with respect to negligence or proximate cause in cases involving rear-end collisions. Pluwak v. Lindberg, 268 Minn. 524, 528, 130 N. W. (2d) 134, 138; Shastid v. Shue, 247 Minn. 314, 322, 77 N. W. (2d) 273, 279; Ryan v. Griffin, 241 Minn. 91, 94, 62 N. W. (2d) 504, 507; Tibbetts v. Nyberg, 276 Minn. 431, 150 N. W. (2d) 687. Nevertheless, where a jury has found negligence, it becomes our duty to hold as a matter of law that such negligence was a proximate cause of the injury where, in our opinion, reasonable men can come to no other conclusion."

In that case, defendant Henke was driving his car at about 45 miles per hour during the hours of darkness and drove into the rear end of a truck which either was not moving or was practically stationary on the highway. The lights of the truck were not visible because the overloading of pea vines covered the lights—a notable difference in the fact of lighting but not distinguishable in applying the basic legal principle. Defendant Henke first observed what appeared to be a black mass or object on the highway at a distance of about 500 feet, and he became even more aware of it at a distance of about 200 feet. Although he ultimately applied his brakes, defendant Henke skidded 48 feet and collided with the rear end of the truck. Here, although confused by the bright light, defendant Lien took no appreciable protective action. The conclusion of this court as to defendant Henke seems applicable to defendant Lien (277 Minn. 156, 152 N. W. [2d] 67):

"\* \* \* If, after seeing what turned out to be the truck 500 feet ahead, Henke had slowed his car to a speed appropriate to avoid a collision until he could determine whether the vehicle was standing or moving, or if he had swerved to the left when he was 200 feet away and had passed the truck in an unobstructed lane, there would have been no accident or injury to this plaintiff. The perverse result reached by the jury can only be attributed to their determination that as between the two drivers the negligence of the truckdriver was the more reprehensible. This, however, cannot be the basis for exonerating one tortfeasor and holding the other liable."

62

The sum of the matter is that, given the jury's determination that defendant was negligent, the direct causal connection between defendant's negligent conduct and the ensuing collision is rather inescapable as a matter of commonsense.

Judgment denying defendant's counterclaim affirmed.