LEO J. TAUBER v. BUFFALO LAKE PUBLIC SCHOOL DISTRICT AND ANOTHER.

168 N. W. (2d) 327.

May 16, 1969—No. 41342.

*Johnson, Schmidt, Thompson & Schneider* and *John C. Lindstrom,* for appellants.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *Mary Jeanne Coyne,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

Murphy, Justice.

This is an appeal from a judgment of the district court which was ordered in response to plaintiff's motion for judgment notwithstanding the verdict. The case arises out of an automobile accident. By special verdict the jury found that plaintiff, Leo J. Tauber, was not negligent. They found that defendant Luvern Lyle Schultz, driver of a bus owned by defendant Buffalo Lake Public School District, was negligent but that his negligence was not the direct cause of the accident. In response to plaintiff's motion for judgment notwithstanding the verdict, the trial court set aside the jury's answer as to the proximate cause of the accident and ordered judgment for plaintiff in the amount of damages found by the jury.

Defendants assert that the trial court was in error in changing the verdict and that the jury's finding that Schultz' negligence was not the direct cause of the accident was consistent with the evidence and its fair inferences. They also contend that the trial court erred in failing to instruct the jury with reference to the reduced-speed provisions of Minn. St. 169.14, subd. 3, as they relate to crossing intersections when special hazards exist.

From the record it appears that the accident occurred in a rural area at the intersection of County Roads No. 11 and No. 54 in Renville County. Highway No. 11 is of blacktop construction, approximately 23 feet in width, and runs east and west. It is of importance to note that it is protected by yield right-of-way signs at its intersection with Highway No. 54. The latter highway is of gravel construction, approximately 26 feet in width, and runs north and south. Both roads are straight and level in the area of the accident with no permanent obstructions to view.

The accident occurred about 8:15 a. m. on November 16, 1966. Plain-

tiff testified that he was proceeding east on No. 11 at a speed of approximately 40 to 45 miles per hour. Defendant Schultz was driving south on No. 54 and approached the intersection at about 25 miles per hour. There was fog in the area which, according to plaintiff's testimony, limited visibility from 100 to 150 feet. There were other estimates at from 50 to 400 feet. Plaintiff first noticed the school bus when he was 75 to 100 feet from the intersection, at which time the school bus was 30 to 35 feet from that point and traveling at about 20 miles per hour. Plaintiff realized the danger and applied his brakes, leaving approximately 46 feet of skid marks prior to the impact.

Defendant Schultz testified that as he approached the intersection he reduced his speed to approximately 5 miles per hour, and as he entered the intersection, he saw no approaching vehicle. He first realized the danger when the front of his bus was about even with the south edge of Highway No. 11, at which time he increased his speed in an attempt to avoid the accident. The front of plaintiff's truck hit the middle of the bus on the right side.

In setting aside the jury's determination that defendant Schultz' negligence was not the direct cause of the accident, the trial court was convinced that the jury's finding that Schultz' negligence was not the cause of the accident could not be reconciled with the evidence.

■ Ordinarily, the existence of proximate cause is a fact question for the jury's determination, and courts are reluctant to reverse the jury's findings. Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. (2d) 134. An examination of the record, however, satisfactorily establishes defendant's failure to maintain a proper lookout and to yield the right-of-way, as required by Minn. St. 169.201, which says:

"The driver of a vehicle approaching a YIELD sign shall slow to a speed that is reasonable for conditions of traffic and visibility, and stop if necessary, and yield the right of way * * * to all vehicles on the intersecting street or highway which are so close as to constitute an immediate hazard."

It is apparent here that the jury's finding of negligence could be attributed to Schultz' failure to yield the right-of-way or to maintain a proper lookout

or both. In either event, his negligence must have been the proximate cause of the accident. If he had observed a proper lookout and had yielded the right-of-way, as he was under obligation to do, the accident would not have occurred. Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585; Reese v. Henke, 277 Minn. 151, 152 N. W. (2d) 63. We agree with the trial court that the existence of fog in the area did not excuse defendant's negligent conduct. Salera v. Schroeder, 183 Minn. 478, 237 N. W. 180.

■ Defendants complain that the trial court erred in failing to instruct the jury as to § 169.14, subd. 3, in the language requested by defendants:

"The driver of any vehicle shall * * * drive at an appropriate reduced speed when approaching and crossing an intersection * * * when special hazards exist with respect to * * * traffic or by reason of weather or highway conditions."

An examination of the instructions discloses that the jury was told:

"* * * 'No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so restricted as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, in compliance with legal requirements and the duty of all persons to use due care.'

" 'Where no special hazards exist, the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.'

"This accident happened in the open country, and where there were no special hazards existing, the speed limit was 65 miles an hour.

"[§ 169.14, subd. 3] 'The driver of any vehicle shall, consistent with the requirements, drive at an appropriate reduced speed when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.' "

The court also instructed the jury:

"* * * 'The driver of a vehicle approaching a yield right-of-way sign shall slow to a speed that is reasonable for conditions of traffic and visibility and stop, if necessary, and yield the right-of-way to any pedestrian le-

gally crossing the roadway on which he is driving and to all vehicles on the intersecting street or highway, which are so close as to constitute an immediate hazard. The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder.' "

Precisely, defendants contend that error occurred when the trial court eliminated from its instruction on § 169.14, subd. 3, reference to reduced speed "when approaching and crossing an intersection."

It seems to us that the trial court correctly reasoned that since plaintiff was on a through highway he was not required to reduce his speed at every intersection he approached. The case of Neal v. Neal, 238 Minn. 292, 56 N. W. (2d) 673, involved an intersection accident where one of the drivers had the protection of a stop sign, and the question was whether or not the protected driver had to slow down as he approached the intersection. It was there said (238 Minn. 297, 56 N. W. [2d] 677):

"In an arterial highway intersection case such as this, where the speed of the driver on the arterial highway is prima facie lawful under § 169.14, subd. 2, and where the application of the reduced-speed statute is predicated solely upon the presence of an intersection and none of the other factors specifically enumerated in § 169.14, subd. 3, are present, to hold that the reduced-speed statute requires the driver on the arterial highway to always reduce his speed when approaching and crossing an intersection protected by stop signs would be both unreasonable and impractical. Such an intent should not be ascribed to the legislature. See, § 645.17(1).

"We therefore conclude that the reduced-speed statute was not applicable to defendant Neal until such time as he reasonably should have seen that the Stelter car was not going to stop and that danger was imminent unless he reduced his speed. Since appellant's counsel pointed out the basis for his objection to the instruction in question both before and at the conclusion of the court's charge, the failure on the part of the trial court to properly qualify the instruction relating to the reduced-speed statute was reversible error, and defendant Neal therefore is entitled to a new trial."

In the later case of Schleuder v. Soltow, 239 Minn. 453, 59 N. W. (2d) 320, we pointed out that the driver of a vehicle approaching an intersection on a through highway, knowing it is protected by stop signs, may assume until he sees or should see otherwise that the driver approaching the

intersection on the intersecting highway will respect the right-of-way and obey the statute, and if the driver on the through highway is driving at a speed which is prima facie lawful, he need not reduce his speed in passing over an intersection of said through highway. We added (239 Minn. 459, 59 N. W. [2d] 324):

"* * * It seems proper to hold, as we do here, that a person driving on a through highway at 60 miles an hour in the daytime need not reduce his speed while approaching and passing over intersections along the through highway protected by stop signs where no special hazard exists other than an automobile approaching the intersection or stopped at it in obedience to a stop sign, provided that the driver of the automobile on the through highway is so close to the intersection as to constitute an immediate hazard to the automobile on the intersecting highway and provided further that the driver of the automobile on the through highway does not have reason to know that the driver on the intersecting highway is not going to obey the statute and yield the right of way to him."

We conclude that when the charge is considered as a whole it fairly conveyed to the jury a clear and correct understanding of the law. Pluwak v. Lindberg, *supra*; Schlukebier v. LaClair, 268 Minn. 64, 127 N. W. (2d) 693.

Affirmed.