SANDRA STRANDJORD AND ANOTHER v. JOHN B.
EXLEY, SPECIAL ADMINISTRATOR OF ESTATE OF
MICHAEL J. STRANDJORD, AND ANOTHER.
GEORGE T. NEMMERS, ADMINISTRATOR OF
ESTATE OF MILO M. NEMMERS, APPELLANT.

177 N. W. (2d) 48.

May 8, 1970—No. 41920.

*E. Willard Murnane, Robert T. White,* and *Murnane, Murnane, Battis, deLambert & Conlin,* for appellant.

*Carroll, Cronan, Roth & Austin,* and *Frank X. Cronan,* for respondent Exley.

*McMenomy, Hertogs & Fluegel* and *Roger T. Sahr,* for respondent Strandjord.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

MURPHY, JUSTICE.

This is an appeal from a judgment in an action to recover damages resulting from an automobile collision in which four individuals were killed. Plaintiff, Sandra Strandjord, the sole survivor, commenced an action for her injuries and medical expense and also an action in her capacity as trustee for the heirs of her minor son, Steven Strandjord, deceased. Defendants were

the administrators of the estate of Michael J. Strandjord, plaintiff's deceased husband, who was the driver of one of the two automobiles involved, and the estate of Milo M. Nemmers, deceased, who was the driver of the other vehicle. By special verdict the jury found that both drivers were negligent. They found that Strandjord's negligence was the proximate cause of the accident but determined that Nemmers' negligence was not a proximate cause. On motion for judgment notwithstanding the verdict, the trial court vacated that part of the jury's special verdict which found that decedent Nemmers' conduct was not a proximate cause of the accident and inserted in lieu thereof a contrary finding. It is the contention of defendant administrator of Nemmers' estate that in doing so the trial court ignored the well-established rule that the view of the evidence most favorable to the prevailing party must be accepted and that the evidence was not so conclusive as to compel, as a matter of law, a contrary result.

From the record it appears that the accident occurred at approximately 3:45 on July 2, 1967, a Sunday afternoon, at the intersection of County Roads Nos. 4 and 5 in rural Renville County. The weather was clear and bright, and testimony disclosed that there was an unobstructed view of over half a mile in each direction. Michael J. Strandjord was driving east on County Road No. 4. Milo M. Nemmers was driving in a southerly direction on County Road No. 5. Both roads are of blacktop construction and have a 65 m. p. h. speed limit. County Road No. 4 is controlled by "yield" signs. Moreover, a "yield ahead" sign is located .2 miles back from the intersection. County Road No. 5 is a through road at this intersection.

The accident occurred near the middle of the intersection. There were no skid marks left by the Strandjord vehicle prior to the impact. The Nemmers vehicle left 43 feet of skid marks from the left side and 33 feet of skid marks on the right side. Sandra Strandjord was the only witness to the accident. She had no recollection that the vehicle in which she was riding slowed

down in observance of the "yield" sign. She did not see the Nemmers vehicle until the middle of the intersection when suddenly she saw a "blue streak" and then "almost simultaneously there was an impact." It is undisputed that the Nemmers vehicle hit the Strandjord vehicle broadside.

The trial court concluded that the jury found that Nemmers was either driving at an excessive rate of speed and was unable to avoid the collision after discovering that the Strandjord vehicle was not yielding the right-of-way or not keeping a proper lookout or both. In any event, the court concluded, as a matter of law, that "[t]he collision could not have occurred without the negligence of each playing a substantial part in bringing it about."

The issues presented here do not raise questions which have not already been fully considered and passed upon by prior decisions of this court. Tauber v. Buffalo Lake Public School Dist. 283 Minn. 383, 168 N. W. (2d) 327; Hill v. Wilmington Chemical Corp. 279 Minn. 336, 156 N. W. (2d) 898; Sjaastad v. Dunsmore, 274 Minn. 50, 142 N. W. (2d) 282; Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585; Dose v. Yager, 231 Minn. 90, 42 N. W. (2d) 420.

Although the courts are reluctant to reverse a jury's findings, it is well established that a court has the same authority to set aside an answer to a special interrogatory where a special verdict is used as it has to grant judgment notwithstanding the verdict if the evidence is not sufficient to sustain the verdict. Hill v. Wilmington Chemical Corp. *supra.* We agree with the trial court that the record supports the determination that the collision resulted from the concurrent negligence of both drivers. The physical facts which attest to the unusual and violent character of the collision compel this conclusion. The force of the impact hurled the Strandjord vehicle 90 feet into a field and the Nemmers vehicle continued some 104 feet before it came to rest. Whatever statutory right-of-way decedent Nemmers may have had did not absolve his negligent conduct in blindly entering

the intersection at an excessive rate of speed under circumstances where driving conditions were entirely favorable and there was an unobstructed view. Tauber v. Buffalo Lake Public School Dist. *supra;* Haugen v. Dick Thayer Motor Co. *supra.*

Affirmed.