EVA JANE MAY AND OTHERS v.
HARRY S. LEMMON AND ANOTHER.

177 N. W. (2d) 298.

May 8, 1970—No. 42067.

*Haugen, Quello & Phleger* and *Marlon O. Haugen*, for appellants.

*Robb, Van Eps & Gilmore* and *Douglas Dale Reid, Jr.*, for respondents.

Heard before Nelson, Otis, Rogosheske, Peterson, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

This appeal involves an action for personal injuries and property damage arising out of a rear-end collision in which a car owned by defendant Harry S. Lemmon and operated by his daughter, defendant Linda Sue Lemmon, struck the rear end of an automobile owned by plaintiff James Wilbur May and operated by his wife, plaintiff Eva Jane May, in which their children, plaintiffs Jeffrey May and Elaine May, both minors, were passengers.

The action was tried before a jury in the Municipal Court of Hennepin County and in answers to interrogatories the jury found that plaintiff Eva May was not negligent and that defendant Linda Lemmon was negligent but that her negligence was

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

not a direct cause of the accident. Damages were assessed at $5,500.

On the basis of the jury's findings, the judge made conclusions of law favorable to defendants and ordered judgment accordingly. Motion for an order granting judgment to plaintiffs notwithstanding the verdict was denied. Judgment was entered and plaintiffs appealed.

Plaintiffs contend that under the facts presented herein, where the jury has found defendant negligent, the trial court must find that such negligence was, as a matter of law, a direct cause of the accident.

From the record it appears that the accident occurred on August 20, 1964, when plaintiff Eva May was driving on Highway No. 101 in a southerly direction in the area of Lake Street Extension. The speed limit was 50 miles per hour. It was daylight; it was raining; and the streets were wet. Defendant Linda Sue Lemmon was driving her vehicle in the same direction, to the rear of plaintiff's vehicle. Both vehicles were in their proper lane of travel, and the traffic was moderate with five or six cars ahead of plaintiff traveling in the same direction. Highway No. 101 is a paved, two-way road with traffic in both directions and, in the area of the accident, is hilly.

Somewhere ahead of plaintiff in the line of cars heading south, an unidentified car pulled out into the northbound lane in an attempt to pass. Another car came into sight from the south, going north, and the unidentified car was forced back into the southbound lane. All the cars behind the unidentified car were forced to brake. Both plaintiff and defendant drivers had a clear view of all of the events. All drivers ahead of plaintiff had no difficulty in slowing down and plaintiff herself slowed down sufficiently so that she shifted into second gear and by that time was going 10 to 15 miles per hour. Suddenly, she was struck from the rear and her car was pushed into the car ahead.

Ordinarily, the existence of proximate cause is a fact question for the jury's determination, and courts are reluctant to reverse

the jury's findings. Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. (2d) 134. The test, however, is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences. Theurer v. Holland Furnace Co. (10 Cir.) 124 F. (2d) 494, 498; 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1057; Wright, Minnesota Rules, pp. 279 to 284; 2 Youngquist and Blacik, Minnesota Rules Practice, p. 481.

In the instant case defendant driver admitted seeing plaintiff's car prior to the accident. Hence, her negligence as found by the jury must have consisted of (1) failure to maintain proper control, (2) following too closely, or (3) going too fast, any one of which would have been a direct cause of the accident. It would appear, therefore, that reasonable minds can only reach one conclusion—that defendant driver's negligence as found by the jury was a direct cause of the accident.

Pluwak v. Lindberg, *supra*, is easily distinguishable from the instant case. In Pluwak a car approaching from the opposite direction suddenly turned in front of a lead car, causing the driver to suddenly stop without adequate warning to the driver of a following car, resulting in a rear-end collision. This unexpected action of the driver of the third car could constitute an intervening cause of the collision, superseding the negligence of the driver of the following car in failing to observe the automobile ahead of him.

In the instant case, however, the action of the driver of the unidentified car who left his lane of traffic to pass and then returned to his own lane could not have been and was not an intervening cause of the collision. Defendant driver observed all of the movements and proceeded in her own lane after the passing car had returned to its own lane.

The emergency doctrine given by the court pursuant to Minnesota Jury Instruction Guides, Instruction 110, was, by the jury verdict, found not to be applicable when the jury determined that defendant driver was negligent.

In recent cases, this court has considered the question here involved. In Tauber v. Buffalo Lake Public School Dist. 283 Minn. 383, 168 N. W. (2d) 327, defendant school bus driver approached an intersection where he was required to yield the right-of-way. He failed to do so because he saw no traffic. Plaintiff collided with the bus. The trial court rendered judgment for plaintiff even though the jury found the bus driver's negligence was not a proximate cause of the accident. This court affirmed, holding that his obvious negligence in failing to yield or to observe properly must have been the proximate cause of the accident because it would not have occurred if he had not been negligent.

In Reese v. Henke, 277 Minn. 151, 152 N. W. (2d) 63, plaintiff was a passenger in a car driven by one defendant. This car collided with the rear end of a truck which was stopped on the highway. This court held that the owner and operator of the automobile were liable for contribution to the owner, lessee, and driver of the truck even though the jury found the automobile driver's negligence was not a proximate cause of the collision.

In Risacher v. Lien, 279 Minn. 58, 155 N. W. (2d) 382, defendant collided with the rear end of a tractor. On defendant's counterclaim the jury found defendant's negligence was not a proximate cause of the collision. This court affirmed the district court's holding that once the jury found negligence, that negligence under the circumstances had to be a proximate cause of the accident.

It appears to this court that the accident in the instant case would not have occurred except for the negligence of the defendant driver. As the court said in the Risacher case (279 Minn. 62, 155 N. W. [2d] 384):

"The sum of the matter is that, given the jury's determination that defendant was negligent, the direct causal connection between defendant's negligent conduct and the ensuing collision is rather inescapable as a matter of commonsense."

For the reason stated above, we hold that plaintiffs are entitled to damages in the amount as found by the jury. The judgment of the municipal court is therefore reversed and the court is ordered to enter judgment in behalf of the plaintiffs and against defendants in the amounts set out in the special verdict.

Reversed.