FRANCIS J. RYAN v. TWIN CITY MILK
PRODUCERS ASSOCIATION AND OTHERS.
A. W. LUND COMPANY, APPELLANT.

184 N. W. (2d) 664.

February 26, 1971—No. 42196.

*Donald A. Hausler,* for appellant.

*Coulter, Nelson & Sullivan,* for respondent Ryan.

*Stearns, Goetteman & Narveson* and *Harry S. Stearns, Jr.,* for respondents association and Lubich.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.

Plaintiff has recovered a verdict of $85,000 for personal injuries sustained in a two-car collision. The jury found defendant A. W. Lund Company liable for failing properly to repair defective brakes on the vehicle driven by defendant Hartland Lubich. Lubich was found to be negligent but the jury determined that his negligence was not a proximate cause of the accident. Defendant Lund appeals, claiming that Lubich's negligence was a proximate cause of the accident as a matter of law and that plaintiff's award of damages was excessive.

At the time of the collision on February 28, 1967, plaintiff was driving a pickup truck north on Highway No. 52 in Dakota County. Defendant Lubich was driving a tank truck loaded with 18,000 pounds of milk in a westerly direction on Highway No. 66. Where the two highways intersect, traffic on Highway No. 66 is controlled by an arterial stop sign. As Lubich approached

the intersection, he was traveling about 7 miles an hour in fifth gear. When he was about 30 feet from the stop sign, he heard something snap and found that his footbrake had failed. Thereupon, the truck traveled approximately 37 feet to the highway and collided with plaintiff. Lubich did not apply the emergency brake, swerve his vehicle to avoid plaintiff, or take any other evasive action to prevent the collision.

■ With respect to Lund's liability for improperly repairing the brakes on Lubich's truck, the only issue raised is the foundation for hypothetical questions directed at plaintiff's experts regarding the cause of the brake failure. This was a matter largely within the discretion of the trial court, and we find no abuse of that discretion in admitting the opinions of plaintiff's experts.

■ Because defendant Lund has pending a claim for contribution or indemnity against defendants Lubich and his employer, Lund seeks review of the adjudication that Lubich's negligence was not a proximate cause of plaintiff's damages.

In a number of recent cases we have dealt with the issue of inconsistent verdicts. In close questions, we have deferred to the jury's decision, reconciling the verdicts whenever possible. Seivert v. Bass, 288 Minn. 457, 466, 181 N. W. (2d) 888, 893; Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. (2d) 134. In some cases we have affirmed findings that negligence was a proximate cause as a matter of law. Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585; Risacher v. Lien, 279 Minn. 58, 155 N. W. (2d) 382; Tauber v. Buffalo Lake Public School Dist. 283 Minn. 383, 168 N. W. (2d) 327; Strandjord v. Exley, 287 Minn. 145, 177 N. W. (2d) 48. In other cases we have held that it was error not to find defendant's negligence to be a proximate cause of the accident. Reese v. Henke, 277 Minn. 151, 152 N. W. (2d) 63; May v. Lemmon, 287 Minn. 158, 177 N. W. (2d) 298. Proximate cause was held a jury question in Pluwak v. Lindberg, 268 Minn. 524, 532, 130 N. W. (2d) 134, 140, and in Seivert v. Bass, *supra*. This is a close case in which the jury's determination of the proximate cause issue could be sustained either way.

Therefore, we are not prepared to hold as a matter of law that had Lubich exercised ordinary care to take evasive action after realizing his predicament the accident could have been avoided. We think the jury could have found that in the relatively short distance Lubich traveled before reaching the highway after his footbrake failed, the application of his emergency brake or the swerving of his tank truck loaded with 18,000 pounds of milk would not have prevented the collision but would have only resulted in its occurring in a different part of the highway or at some other point of contact between the vehicles. With some hesitation, therefore, we affirm.

■ Lund claims that the verdict is excessive, was awarded under errors of law, and is not justified by the evidence. In support of its position, defendant asserts it was reversible error for plaintiff's counsel to use prepared placards outlining the various elements of damages without obtaining prior approval of the court as directed in Brabeck v. Chicago & N. W. Ry. Co. 264 Minn. 160, 117 N. W. (2d) 921. We agree that the display of such placards was improper in the light of the specific rules we enunciated in the Brabeck case. Counsel, under such circumstances, runs the risk of reversal. However, in the case at hand, the only description of damages on the placards which we find inaccurate and prejudicial was that regarding the automobile allowance, with which we deal more particularly later in this opinion. We hold the use of the placards was otherwise harmless error.

■ At the time of the accident, plaintiff was 40 years of age. He was employed as a field superintendent to install ornamental iron, windows, and structural steel. He was hospitalized for 10 days and incurred medical expenses of $1,771. He estimated his loss of wages at $3,448. Before the accident, he received a monthly allowance of $50, plus gas and oil, for the use of his truck in his duties supervising a number of projects throughout the state. His wages, with fringe benefits, were $6.30 an hour. Following the accident, plaintiff suffered permanent diplopia

or double vision. An operation to correct his condition was unsuccessful. To mitigate the double-vision problem, plaintiff was required to block the vision in one eye. This seriously affected his depth perception and his equilibrium and made it impossible for him to work at heights, which his position as superintendent required. At his own request, he was demoted to foreman but his salary remained the same. Nevertheless, an employment personnel expert testified that the earning capacity of a person with plaintiff's disability would range from $2.75 an hour to $3.25 an hour, or a reduction of $120 a week over a period of 29.95 years, until he reached 65.

In addition to the injuries described, plaintiff suffered from oscillopsia which is the sensation that the environment is oscillating when the head is moved. Plaintiff also sustained injury to his shoulder and hip which the doctor said would be permanent.

We hold that the evidence recited is sufficient to justify the verdict of $85,000, except whatever may have been awarded for the car allowance, to which we have alluded. Plaintiff was 40 years old at the time of the accident and has had a permanent impairment of his vision which seriously prejudices his vocational opportunities and earning capacity. The fact that his employer saw fit to keep him on at his prior salary is no assurance that this arrangement will continue. With the exception we have noted, the award is therefore within permissible limits.

■  Plaintiff claims as a compensable loss, and used on a placard for argument, the discontinuance of his car allowance in the sum of $75 per month. He has projected this amount to the age of 65 and arrives at a present cash value of nearly $12,500. In our opinion, this element of damages was wholly unjustified and should not have been considered by the jury. The allowance paid plaintiff for use of his car prior to his accident was designed to reimburse him for out-of-pocket expenses made necessary by his responsibilities in traveling from one project to another. While he apparently used the car after the accident, as foreman

354

he is required only to commute to the site where he is working. Over Lund's objection, plaintiff's counsel used the placards containing this item of damages and invited the jury to project the automobile allowance as an item of future damages for the balance of plaintiff's occupational expectancy. While we cannot be sure of the amount, if any, which the jury allowed for loss of auto maintenance, as we have indicated, the placard suggested an amount in excess of $12,000. Rather than remand for a new trial on the issue of damages, we are of the opinion a remittitur of $5,000 will adequately rectify any error in that part of the award which was improperly granted by the jury.

The matter is therefore reversed with directions to enter a remittitur of $5,000.