STANLEY COLTON v. MARTHA PESOLA AND ANOTHER.
PRIDE A. COLTON, THIRD-PARTY DEFENDANT.

187 N. W. (2d) 132.

May 14, 1971—No. 42574.

*K. L. Wallace,* for appellants.
*Rufer, Hefte, Pemberton & Schulze* and *James L. Schulze,* for respondents.

Heard before Knutson, C. J., and Nelson, Peterson, Kelly, and Rolloff, JJ.

PER CURIAM.

Plaintiff, Stanley Colton, and defendant Martha Pesola claimed and counterclaimed, respectively, for damages to their motor vehicles as a result of a collision in an open, uncontrolled urban intersection. The vehicles were driven by their respective children, third-party defendant Pride Colton and defendant Roger Pesola.

A jury, by answer to special interrogatories, found that both Pride and Roger (each of whom had driven at slow speed into the intersection) were negligent, but that the negligence of Roger (who had the directional right of way) was not a direct cause of the collision. The court adopted these findings and ordered judgment in favor of defendant Martha Pesola in the amount found by the jury.

Plaintiff, who contends that there is no reasonable way to distinguish between the causal negligence of the two drivers, moved for a new trial and he and third-party defendant appeal from the order denying that motion. We affirm.

It is only where the evidence on causation is so clear and conclusive as to leave no room for different opinions among reasonable men that the issue of causation becomes one of law. Ordinarily, it is a fact question for the jury. See, e. g., Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. (2d) 134, and Seivert v. Bass, 288 Minn. 457, 181 N. W. (2d) 888. This is an ordinary case, and no useful purpose is served by extended discussion of the evidence concerning the collision.

Affirmed.