MRS. JAMES MEURER, PERSONALLY AND AS PARENT AND NATURAL GUARDIAN OF SHEILA JAEGER, A MINOR, v. MARVIN E. JUNKERMEIER AND OTHERS.
WILLIAM CHILDS AND ANOTHER, APPELLANTS.

191 N. W. (2d) 416.

October 22, 1971—No. 42532.

*Robert W. Gislason,* for appellants.
*John W. Flynn,* for respondents.

Heard before Nelson, Otis, Peterson, Kelly, and Rolloff, JJ.

KELLY, JUSTICE.

This action arises out of the collision of two automobiles at a rural intersection. Plaintiff sues on behalf of her daughter, who was a passenger in one of the vehicles; defendants are the two drivers and their fathers, owners of the automobiles. Before the suit went to trial, plaintiff settled with defendants Childs for $10,500. The issue at trial involved the two cross-claims of the defendants. Defendants Childs admitted liability and contended that defendants Junkermeier should pay half the settlement. The position of defendants Junkermeier was that they were not liable for any of the damages and that the settlement was excessive. The trial court ruled that both drivers, James Lawrence Junkermeier and Thomas Childs, were negligent as a matter of law and submitted to the jury the issues of proximate cause and damages. The court specifically instructed the jury on the law of superseding causation. The jury returned a verdict in favor of defendants Junkermeier, finding that James Junkermeier's negligence was not a proximate cause of the collision. Defendants Childs moved for judgment notwithstanding the verdict on the issue of liability and a new trial on the issue of damages only or, alternatively, for a new trial on all issues. This appeal alleges error in the denial of these motions. Appellants contend that Junkermeier's negligence was, as a matter of law,

a proximate cause of the collision and that the trial court erred in instructing the jury concerning superseding cause.

We affirm.

The collision occurred at a rural intersection in Martin County at about 8 p.m. May 21, 1966. Both vehicles were occupied by young couples out on a Saturday evening date. The Junkermeier vehicle, occupied by James and plaintiff's daughter, was traveling north on County Road No. 9 at 55 to 60 miles per hour. County Road No. 9 is a protected highway. Thomas Childs was driving west on County Road No. 5 at 55 to 60 miles per hour toward that highway's intersection with County Road No. 9. Childs did not see a yield sign at the intersection, drove into the crossway, and struck the Junkermeier vehicle. Junkermeier at no time observed Childs approaching the intersection. The sun was still shining brightly and nothing impeded Junkermeier's view of the approaching intersecting highway. It is conceded that he negligently failed to maintain a proper lookout. The issue in this case is whether such negligence was, as a matter of law, a proximate cause of the collision. We believe that sufficient evidence supports the jury's negative conclusion.

■ The question of proximate cause is for the jury to decide, and its decision will stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. It is only where the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable men that the issue of causation becomes one of law to be decided by the court.[1] The evidence indicates that Junkermeier's view of County Road No. 5 toward the east extended for only about one tenth of a mile. The Childs vehicle was traveling at 55 to 60 miles per hour. The jury may have concluded that had Junkermeier maintained a proper lookout, the accident would still have occurred. Similarly, the jury may have believed that Junkermeier's negligence was a sine qua non for the collision but that the subsequent negligence of Childs was

---

[1] Seivert v. Bass, 288 Minn. 457, 466, 181 N. W. 2d 888, 893 (1970).

unforeseeable and acted as a superseding factor.[2] Either of these theories has supporting evidence and will sustain the verdict.[3]

The several decisions which would appear to support appellants' position are factually distinguishable. In Dose v. Yager, 231 Minn. 90, 42 N. W. 2d 420 (1950), and Strandjord v. Exley, 287 Minn. 145, 177 N. W. 2d 48 (1970), the actions of both drivers in intersection collisions were held to be a proximate cause. However, the drivers who had the right-of-way not only failed to keep a proper lookout, but also drove at an excessive rate of speed. Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. 2d 585 (1958), and Sjaastad v. Dunsmore, 274 Minn. 50, 142 N. W. 2d 282 (1966), involved intersection collisions where the court held that a driver's failure to yield the right-of-way was a proximate cause of the accident. Here, Junkermeier had the right-of-way. Junkermeier was driving at a lawful speed on a highway that he knew to be protected. His only negligence was the failure to observe Childs approaching rapidly from his right in a distance of one tenth of a mile. Such negligence was not a proximate cause of the collision as a matter of law.

■ Appellants contend that it was error for the trial court to instruct the jury concerning superseding cause. As we have illustrated, a question of fact was present concerning whether Junkermeier's negligence was a proximate cause of the collision. Therefore, it was the court's duty to recite the applicable law.[4]

Affirmed.

---

[2] The fact that the collision would not have occurred but for the negligence of both parties does not mean that the negligence of each is a proximate cause. Simon v. Carroll, 241 Minn. 211, 62 N. W. 2d 822 (1954).

[3] See, also, Colton v. Pesola, 290 Minn. 521, 187 N. W. 2d 132 (1971); Wiley v. Hoven, 290 Minn. 483, 185 N. W. 2d 286 (1971); Seivert v. Bass, *supra.*

[4] See, Strobel v. Chicago, R. I. & P. R. Co. 255 Minn. 201, 96 N. W. 2d 195 (1959).