RONALD AMBROZ v. DENNIS PAUKERT AND ANOTHER.

221 N. W. 2d 701.

September 20, 1974—No. 44349.

---

[1] Other issues raised are without sufficient substance to warrant any discussion.

*Kenneth J. Enkel* and *Donald Nold*, for appellant.
*Reding, Votel & Stevens*, for respondents.` .

PER CURIAM.

Plaintiff was injured when struck by defendant's car when he stepped into defendant's driving lane while helping other national guardsmen load rifle racks into the back of an army truck. The army truck was parked in the parking lane in the middle of the block on one of the main streets of Faribault, Minnesota. It was dusk. Plaintiff testified that he stepped 1 foot into the driving lane in which defendant was operating her car. Defendant testified it was 2 or 3 feet. He was struck by defendant's car and sustained injuries.

A jury found that both defendant and plaintiff were negligent but that plaintiff's negligence was the proximate cause of the accident while defendant's was not. On this appeal plaintiff contends that defendant's negligence was a proximate cause of the accident as a matter of law.

From an examination of the testimony at the trial and a review of the briefs, we are of the view that the issues present solely fact issues for the jury. The rule has long been established that only where the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable men does the issue of causation become one of law to be decided by the court. *Meurer v. Junkermeier*, 291 Minn. 318, 191 N. W. 2d 416 (1971). The verdict of the jury is clearly supported by the evidence.

Affirmed.