Frank BERGEMANN, Trustee for the
Next of Kin of Gary Bergemann,
Deceased, Plaintiff,

v.

MUTUAL SERVICE INSURANCE COM-
PANY et al., defendants and third
party plaintiffs, Appellants,

v.

Fillmore Township, third party
defendant, Respondent.

No. 48085.

Supreme Court of Minnesota.

July 28, 1978.

Ross Muir and Mark Anderson, Rochester, for appellants.

Schacht & Kerr, Rochester, for respondent.

Heard before YETKA, SCOTT, and WAHL, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Appeal by third party plaintiffs (hereafter appellants) from an order of the Fillmore County District Court denying a motion for judgment notwithstanding the verdict, amended findings, or a new trial. A jury found that the third party defendant (hereafter respondent) was negligent, but that the negligence did not cause a fatal intersection collision. The jury found that appellants' driver was not negligent; it was

1. The lawsuit was originally brought on behalf of the heirs of one of the two drivers killed in the accident. The original defendant brought the township into the suit as a third party defendant. The original claim on behalf of the heirs of Gary Bergemann was settled. The heirs of James Klomp, appellants' driver, recovered workers' compensation benefits.

2. The manual is apparently issued by the Highway Department. Pl. Exhibit 13, the copy introduced into evidence, was not transmitted with the record.

instructed not to consider the possible negligence of the other driver, the original plaintiff in the action.[1] We reverse and remand for a new trial.

On October 16, 1973, James Klomp was a service technician for appellant Midwest Breeders Cooperative. He was driving a Midwest Breeders Cooperative truck north on a township road in Fillmore Township, Fillmore County, Minnesota. At about 9 a. m., he was involved in an intersection collision with a car being driven in an easterly direction by Gary Bergemann, a local farmer. Both drivers were killed in the collision; there were no surviving eyewitnesses.

The intersection was controlled by "yield" signs placed north and south of the east-west crossroad. Appellants attempted to prove that the placement of the yield sign on the southeast corner of the intersection was negligent. Respondent attempted to show that Klomp's negligence was the cause of the accident.

Appellants' expert traffic engineer testified that the yield sign, erected by the township, was 1½ feet lower and 39 to 40 percent smaller in area than the minimums prescribed by the Uniform Traffic Control Devices Manual.[2] The Fillmore Township Board neither consulted the manual nor instructed the person erecting the signs to consult the manual. The traffic engineer also testified that a warning or yield ahead sign should have been placed at the intersection if the yield sign was not visible for a sufficient distance to permit safe stopping.[3]

The north-south road is a hilly road with one crest about 1,290 feet from the intersection and another crest and straightaway about 380 feet from the intersection.[4] As a

3. The engineer never directly testified that a warning sign should have been placed at this particular intersection, but he stated that at any speed over 45 miles per hour a yield ahead sign would be necessary to insure adequate notice.

4. The precise measurement is that the sign becomes visible about 388 feet from the intersection as a car heads north out of the vale from the first hill. No measurement was apparently made of the crest to intersection distance.

driver approaches the intersection from the north, the yield sign would drop out of his line of sight at about 994 feet from the intersection and would become visible again at about 388 feet. The traffic engineer testified that the sign would be difficult to distinguish at 1,290 feet if one were not looking for it. Frank Little, a postman, testified that he could see the yield sign from the crest of the 1,290 foot distant hill through his rearview mirror.

There was extensive testimony on stopping times and distances, but the lack of eyewitnesses made it impossible to give an accurate account of the speed of either vehicle. The Bergemann vehicle skidded about 60 feet after braking; the Klomp vehicle skidded approximately 129 feet. The traffic engineer testified that with any speed over 45 miles per hour, a yield ahead sign would be necessary because necessary braking and reaction times at higher speeds would make it impossible to stop in less than 390 feet. At 50 miles per hour it would be 442 feet, and 588 feet at 60 miles per hour. He also testified that the two cars were probably traveling at the same speed. The speed limit on the road at the time of the accident was 65 miles per hour. Although he made several assumptions about impact speeds, the traffic engineer never actually estimated the speed of the vehicles.

The jury retired at 3:30 p. m. At 8:10 p. m. it returned for a clarification of the direct cause instruction and an explanation of the special verdict question on comparative negligence. At 8:20 p. m. it returned its verdict.[5] The jury found that Klomp was not negligent, that the respondent was negligent, but that the negligence was not a direct cause of the accident.[6]

The day after the trial one of the jurors told appellant's attorney that she believed the jury was confused about the meaning of direct cause. Appellants' counsel did not seek a hearing on the question, but submitted an affidavit to the court concerning the conversation. The court rejected any attempt to impeach the jury's verdict.

The question posed on this appeal is whether in an intersection collision when neither driver is found negligent but the township which erected a yield sign is found negligent, must the jury find the negligence was a direct cause of the injuries suffered.

■ Appellants' task in this appeal is a difficult one because (1) the evidence and inferences must be viewed in the light most favorable to the jury, *Kuehl v. National Tea Co.,* 310 Minn. 48, 245 N.W.2d 235 (1976); and (2) the question of proximate cause is for the jury unless the evidence is so clear as to leave no room for differences of opinion among reasonable persons. *Meurer v. Junkermeier,* 291 Minn. 318, 320, 191 N.W.2d 416, 417 (1971).

The leading case in Minnesota involving this court's reversing a finding of negligence and no cause is *Reese v. Henke,* 277 Minn. 151, 152 N.W.2d 63 (1967).[7] There this court stated the following:

" * * * The test is whether the answers [to the special verdict] can be reconciled in any reasonable manner consistent with the evidence and its fair inferences. * * * " 277 Minn. 155, 152 N.W.2d 66.

" * * * [W]here a jury has found negligence, it becomes our duty to hold as a matter of law that such negligence was a proximate cause of the injury where, in our opinion, reasonable men can come to no other conclusion." 277 Minn. 156, 152 N.W.2d 67.

The appellants argue that the logic of the accident would normally require a finding that their driver, Klomp, was negligent for

---

5. Counsel were not present, but the colloquy between the judge and jury was on the record. Appellant does not claim that there was any impropriety in the jury's request.

6. The trial court found that Gary Bergemann was not negligent.

7. See, also, *Risacher v. Lien,* 279 Minn. 58, 155 N.W.2d 382 (1967); *Tauber v. Buffalo Lake Public School District,* 283 Minn. 383, 168 N.W.2d 327 (1969); *May v. Lemmon,* 287 Minn. 158, 177 N.W.2d 298 (1970).

failing to yield the right of way.[8] They argue that the jury's finding of no negligence,[9] combined with its finding that the respondent township was negligent, requires a finding of causation. Their argument is persuasive: The jury verdict seems to mean that the negligence of the township in its placement of the sign served to insulate Klomp's actions from a finding of negligence. His actions were not negligent only because the respondent's negligent failure to warn of a yield sign, failure to place the sign correctly, or failure to use a sign of the proper size rendered otherwise unreasonable actions reasonable.[10]

Respondent argues that the jury could have found that Fillmore Township was "technically" negligent for failing to comply with the Manual on Uniform Traffic Control Devices, but that the sign was visible from 1,290 feet and thus that the negligence did not cause the accident. It quotes the trial court's memorandum to the effect that—

> "This court finds no difficulty in finding a basis for reasonable jurors to conclude that the Third Party Defendant (Fillmore Township)'s conduct was negligent but that the negligence was not a 'direct cause' of the collision."

Unfortunately there is no further explanation of this conclusion by the court.

It is difficult to determine what the respondent and trial court are suggesting when they claim that the jury was justified in its finding. The jury's negligence finding has to be based either upon the size or height of the sign or on the failure to place a warning sign south of it; if it was based upon size or height, then the only inference to be drawn is that the sign was not visible in time to give Klomp a sufficient warning. If the negligence finding was based upon the failure to place a warning sign, the inference is even stronger. If the jury had accepted testimony that the sign was visible from 1,290 feet, it is unlikely that the re-

spondent would have been found negligent, and it is likely that Klomp would have been found negligent.

Respondent also attempts to argue that if the jury made any error it was in failing to find Klomp negligent and causally responsible for the accident. This argument does not address the issue before the court, however, because there was sufficient evidence for the jury to find that the respondent's negligence absolved Klomp of liability. Respondent intimates that the presumption of due care was solely responsible for the jury's finding that Klomp was not negligent. The evidence is such, however, that had the jury not found the respondent negligent it would likely have found Klomp negligent even with the presumption.

 We therefore find that the jury's verdict is perverse and cannot be reconciled with the facts and a new trial must be held. Because we believe a new trial is mandated, we need not decide the issue of whether the jury's verdict may be impeached because of one of the juror's statement introduced by affidavit to the effect that the jury was confused about the meaning of direct cause. However, it has long been the rule in Minnesota that after a jury has been discharged no affidavit of a jury member, or any other person, may be received to impeach a jury verdict on grounds which inhere in the verdict itself. *Bauer v. Kummer,* 244 Minn. 488, 70 N.W.2d 273 (1955); *Nebben v. Kosmalski,* 307 Minn. 211, 239 N.W.2d 234 (1976); *Zimmerman v. Witte Transportation Co.,* Minn., 259 N.W.2d 260 (1977).

Reversed and remanded for a new trial.

---

**8.** The jury was instructed on the requirements imposed by a yield sign.

**9.** At the time of trial a decedent had the presumption of due care.

**10.** Although there was testimony from a regular traveler of the road that the sign was visible from 1,290 feet, the jury did not have to believe it.